IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | Case Nos. 03-CR-181-JHP |
| ) | 05-CV-628-JHP |
| JASON L. READ, ) | |
| ) | |
| Defendant/Petitioner. ) | |

**ORDER**

This is a proceeding initiated by the above-named defendant/petitioner who is an inmate at the United States Penitentiary in Pollock, LA. On November 3, 2005, petitioner initiated this action under the provisions of 28 U.S.C. § 2255, alleging his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma, in Case No. 03-CR-181-JHP, is unlawful.

The plaintiff/respondent filed a response to the motion to vacate on January 30, 2006, by and through the United States Attorney for the Northern District of Oklahoma. In addition, the Court has reviewed the relevant trial court records associated with Case No. 03-CR-181-JHP. The records reflect that the defendant was indicted in a three-count indictment filed on December 11, 2003. Count One of the indictment alleged that beginning in or about 2001, the defendant and five other

named individuals conspired and agreed with each other to manufacture and distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(viii). Count Three alleged the defendant and two other named individuals unlawfully, knowingly and intentionally attempted to manufacture a controlled substance, to-wit: methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The defendant was not named in Count Three of the indictment.

On June 16, 2004, pursuant to a written plea agreement (Docket No. 145) the defendant plead guilty to Count 1 of the Indictment. On November 30, 2004, the defendant was sentenced to 275 months imprisonment. Further, upon release from confinement the defendant was ordered placed on supervised release for a term of 5 years. Additionally, the defendant was ordered to pay a special assessment of $100 and a fine of $5,000. Count Three was ordered dismissed (Docket No. 214). The defendant did not appeal his conviction nor did he move to withdraw his plea of guilty.

The instant motion alleges the defendant received ineffective assistance of counsel, and therefore, his guilty plea was not knowing and voluntary. Additionally, the defendant asserts the district court erred by using a preponderance of the evidence

standard to enhance his sentence in violation of *United States v. Booker*, 125 S.Ct. 738 (2005).

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. Id., 466 U.S. 667, 104 S.Ct. at 2064. Failure to establish either prong of the *Strickland* standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070. Counsel's failure to raise an issue can only be deemed ineffective if there is a reasonable probability that inclusion of the issue would have changed the result of the proceeding.

While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's conduct is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The

Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

Specifically, Petitioner alleges, in his first and third grounds for relief, he received ineffective assistance of counsel because defense counsel coerced him into pleading guilty, including stipulating to certain facts in the plea agreement. Petitioner asserts even though he made repeated pleas of innocence, defense counsel told him if he went to trial he would not win and that he would receive a life sentence. The record herein does not support Petitioner's assertion that he was coerced into pleading guilty.

To be valid, a guilty plea must be knowing and voluntary. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969). A plea is knowing and voluntary if the defendant has "a full understanding of what the plea

connotes and of its consequences." *Boykin v. Alabama*, 395 U.S. 238, 244, 899 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

On June 16, 2004, Petitioner appeared in person and with his attorney of record, Stephen J. Knorr, before a magistrate judge and after consenting to proceed before the magistrate, being advised of his rights, the charges and possible penalties, pled guilty to Count One of the Indictment. The change of plea transcript indicates the following colloquy occurred before Petitioner was allowed to enter his plea of guilty:

> THE COURT: . . . . Is your plea of guilty and the waivers of your rights made voluntarily and completely of your own free choice?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is your plea of guilty and your waiver of your rights free of any force, threats or pressure from anyone? Has anybody forced you?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anybody pressured you?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anybody threatened you?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: All right. Are you relying upon any representations or promises which are not clearly and specifically stated in the written plea agreement?
>
> THE DEFENDANT: No, sir.

>THE COURT: Are you pleading guilty because you are in fact guilty?
>
>THE DEFENDANT: Yes, sir.

Transcript of June 16, 2004 - Hearing on Change of Plea at p. 21. Following this exchange, the Court had Petitioner give a factual basis for his plea of guilty. The factual basis was sufficient to support a finding of guilt by the Court. Specifically, Petitioner admitted that from approximately November of 2001 until September of 2003, he agreed with others to cook methamphetamine which was kept for personal use, sold and/or given to others. Petitioner admitted he manufactured and/or distributed in excess of 500 grams of methamphetamine and that he and others cooked the methamphetamine at various locations within the Northern District of Oklahoma. Additionally, Petitioner admitted to obtaining chemicals used to produce the methamphetamine and that he was aware that methamphetamine was illegal. *Id.*, at pp. 21 - 23. See also, Affidavit from Stephen J. Knorr, Plea Agreement, and Petitioner to Enter Plea of Guilty.

By pleading guilty, Petitioner admitted all the well pleaded factual allegations in the indictment. *United States v. Hill*, 53 F.3d 1151, 1155 (10th Cir. 1995). As recognized by the United States Supreme Court in *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989), a guilty plea is an act which "comprehend[s] all of the factual

and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." Further, the Court stated

> A guilty plea 'is more than a confession which admits that the accused did various acts.' It is an 'admission that he committed the crime charged against him.' By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.

*Id.*, at U.S. 570.

In this case, the change of plea transcript clearly provides a factual basis for Petitioner's plea of guilty. Petitioner does not now argue actual innocence. Furthermore, a review of the presentence report confirms that Petitioner would have been looking at a significantly higher sentence if he had plead not guilty and gone to trial. As a result, Petitioner has failed to establish prejudice.

In his second ground for relief, Petitioner claims the wrong sentencing standard, *i.e.*, preponderance of the evidence, was used at his sentencing in violation of *United States v. Booker*, 125 S.Ct. 738 (2005). Petitioner has failed, however, to identify any Supreme Court or Tenth Circuit cases which have made the holding in *United States v. Booker* retroactively applicable to cases on collateral review. In *Bey v. United States*, 399 F.3d 1266 (10th Cir. 2005), the Tenth Circuit refused to apply *Booker* retroactively to cases on collateral review. *See also*, *United States v. Price*, 400 F.3d 844 (10th Cir. 2005)(holding *Blakely v. Washington*, 124 S.Ct. 2531 (2004) does not

apply retroactively to convictions that were already final at the time the Court decided *Blakely* on June 24, 2004).   Accordingly, this Court finds Petitioner's "motion and the files and records of this case conclusively show"[1] Petitioner is not entitled to any relief.  Therefore, this action is dismissed.

For the reasons cited herein, petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

**IT IS SO ORDERED** this 21st day of September, 2006.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma

---

[1] 28 U.S.C. § 2255.